**Carl OWENS, Appellant**
**(Defendant below),**

**v.**

**The STATE of Wyoming, Appellee**
**(Plaintiff below).**

**No. 3744.**

Supreme Court of Wyoming.

June 23, 1969.

Earl R. Johnson, Jr., Casper, William J. Knudsen, Jr., Laramie, for appellant.

Lynn R. Garrett, Deputy Atty. Gen., Cheyenne, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER and McEWAN, JJ.

PER CURIAM.

Carl Owens on July 21, 1967, being represented by counsel, pleaded guilty to a charge of grand larceny and was sentenced to a term of eight to ten years in the State penitentiary. Almost a year later, on July 16, 1968, he gave notice of appeal, simultaneously requesting the appointment of counsel and the transcript of former proceedings, both of which requests were granted.

From the record, it appears that two charges growing out of the same offense, namely, the taking of $1,400 in cash and a safe from Horn's Drug Mart, had been filed in the District Court of Natrona County: (1) No. 5423 for burglary and (2) No. 5460 for grand larceny.[1]

1. No information or formal pleadings in Case 5423 are contained in the record on appeal.

The transcript discloses that defendant appeared in No. 5423, the burglary case, on May 16, 1967, with appointed counsel, Frank L. Bowron, who moved to quash the complaint and proceedings on the ground (1) arrest was made without a warrant, no crime having been committed in the presence of the arresting officer, and (2) he had been denied the opportunity to employ a lawyer. At defendant's request, the court appointed another attorney as counsel, and some five weeks later a hearing was held in No. 5423, the burglary case, on a motion to suppress, at which time three members of the Casper police force, defendant, and his companion at the time of his arrest, Mack Jackson, testified. On July 20, 1967, the court overruled the motion to suppress in No. 5423, and proceedings were commenced in No. 5460, the defendant appearing before the court with his counsel, Earl R. Johnson, Jr., and Joseph E. Vlastos, Deputy County and Prosecuting Attorney, Natrona County, on July 21, 1967, and the following colloquy taking place:

"MR. VLASTOS: Your Honor, this is the State of Wyoming versus Carl Owens, 5460, charged with Grand Larceny. The 24-hour period is in question.

"THE COURT: Is in question?

"MR. VLASTOS: Yes, Your Honor. Mr.—

"MR. JOHNSON: Mr. Owens will waive the 24-hours and the reading of the Information.

"THE COURT: Your name is Carl Owens?

"THE DEFENDANT: Yes, sir.

"THE COURT: How did he get into court before?

"THE DEFENDANT: Well—

"MR. VLASTOS: Your Honor, Mr. Owens was in court and still pending on a charge of burglary, and in discussing this matter further with the arresting officers and law enforcement officers, it has been determined that grand larceny is the charge that should be filed at this time.

"THE COURT: Rather than breaking and entering?

"MR. VLASTOS: Yes.

"THE COURT: All right. Mr. Owens, you did appear before the Court previously on a charge of burglary, did you not?

"THE DEFENDANT: Yes, sir.

"THE COURT: In reference to the safe from the Horn Drug.

"THE DEFENDANT: Yes, sir.

"THE COURT: And, Mr. Johnson, has an arrangement been made between the Defendant through you and the County Attorney for a plea to this charge instead of the other, is that it?

"MR. JOHNSON: Yes, Your Honor, the Defendant will plead to this charge.

"THE COURT: Mr. Owens, this is with your full understanding and agreement?

"THE DEFENDANT: Yes.

"THE COURT: This information was filed July 20th, served on you at 4:30 yesterday afternoon.

"THE DEFENDANT: Right, Your Honor.

"THE COURT: You understand that you have 24 hours during which you cannot be arraigned without your consent?

"THE DEFENDANT: Yes.

"THE COURT: You want to proceed now. Is that it?

"THE DEFENDANT: Yes.

"THE COURT: You have discussed this with Mr. Johnson?

"THE DEFENDANT: Yes.

"THE COURT: The information charges that you, Carl Owens, on or about the 24th of March, in Natrona County, Wyoming, did wilfully and unlawfully and feloniously, steal, take and carry away the personal goods of one Ermon H. Horn, owner of Horn's Drug

Mart, Hilltop Shopping Center, of the value of $25.00 and upwards, being cash in the amount of the $1,400.00 and a Mosler safe, 22 inches top and 30 inches tall, contrary to the statute in such case made and provided and against the peace and dignity of the State of Wyoming. This is the information to which I direct your attention. Now, to this information, how do you plead, guilty or not guilty?

"THE DEFENDANT: Guilty, Your Honor.

"THE COURT: You understand that by the plea of guilty, you admit to the Court that you did commit the offense charged?

"THE DEFENDANT: Yes.

"THE COURT: Has any promise or inducement or coercion of any kind been used upon you to get you to say that you were guilty?

"THE DEFENDANT: No.

"THE COURT: Is it the truth?

"THE DEFENDANT: Yes.

"THE COURT: You did and in truth and in fact do this thing, is that it?

"THE DEFENDANT: Yes.

"THE COURT: And you plead guilty to it with full understanding if I accept the plea, you will stand convicted in this court of the charge?

"THE DEFENDANT: Right.

"THE COURT: Well, I think, Mr. Owens, you understand this proceedings [sic]. How old are you, sir?

"THE DEFENDANT: Fifty-five.

"THE COURT: The plea will be accepted. The Clerk will note the appearance of the defendant with his counsel, Mr. Johnson, the waiver of the 24 hours, the waiver of the reading of the information, and the entry of the plea of guilty.

"Is there anything—is there any reason why sentence should not be passed at this time?

"MR. JOHNSON: No, Your Honor."

Although under the mentioned circumstances the facts surrounding the arrest can scarcely be of importance, there is no conflict regarding them. On the morning of March 25, 1967, about five o'clock, while it was dark, defendant and Jackson were observed by two police officers, Bennett and Kelly, driving without headlights. The officers stopped them and Bennett placed Jackson under arrest for driving without headlights and no driver's license. Thereafter Bennett noticed that the trunk lid of the car was open about a foot and that a safe was in the trunk. Bennett then got into the vehicle with Owens, told him he was under arrest, and took the two to the police station. Jackson's written consent to search the car was secured and the safe taken out and identified.

Defendant charges in the appeal that (1) the consent to search the automobile given by Jackson was invalid because the police failed to take him and the defendant before a magistrate forthwith as required by § 7-12, W.S.1957; (2) the consent to search was invalid because at the time it was given Jackson was in police custody and the State failed to carry its burden of proof that the consent was given voluntarily and without coercion, either actual or implied; (3) the court erred in denying appellant's motion to suppress evidence because the search was made without a warrant in violation of constitutional provisions.

The State moved to dismiss the appeal on the ground that it was not filed within thirty days of the judgment and sentence as required by Rule 73(a), W.R.C.P., and that plea of guilty having been entered and not withdrawn the appeal could not be presented to the supreme court for consideration.

We see no occasion for addressing ourselves to the argument of either party since appellant presents no authority by which claimed errors in one case can be made the ground for appeal in another; and it is patent from the record that defendant, while represented by counsel, vol-

untarily pleaded guilty to the charge of grand larceny in No. 5460, with full understanding of the possible consequences, raised no objection to anything that occurred in those proceedings, but now appeals his conviction in No. 5460, although all charges of impropriety relate to the burglary case, No. 5423.

Appeal dismissed.